SHORTESS, Judge,
dissenting.
I agree that the trial court erred in permitting Michael Hood to testify concerning what the victim told him twenty-four hours or so prior to the murder, but that error was harmless.
The majority opinion indicates that rather than prove the victim’s state of mind, Hood’s testimony on this point provided evidence of a motive for defendant. The state is not required to prove motive, but in my opinion, there was ample evidence of motive notwithstanding the hearsay. Kimberly Cagle testified that defendant came up to her on May 6, 1987, while a group was standing around generally discussing plans for the evening and stated that he needed a woman. Later that afternoon, *327 she saw defendant talking to a girl she later learned was Sheri Daigle. Still later, defendant and Ms. Daigle were seen driving down the street in defendant’s car. Sheri waved to Vince Fender and Robin Holt as they drove by and did not act frightened.
The victim was seen between 5:30 and 6:30 p.m. on May 6, and she was with defendant in his car. Several witnesses so testified. Defendant was seen at Ms. Dai-gle’s former apartment where they had gone to get a large, heavy, iron hibachi which she put in defendant’s car. That hibachi and the victim’s body, with jeans unzipped and down below the hips, were found at the crime scene, many miles away from the area where defendant and Ms. Daigle lived.
The circumstantial evidence tends more toward guilt than innocence: for example, the description of defendant’s car, its moist front seat, and the tire tracks at the scene.
Defendant told the police that he was unfamiliar with the area where the body was found. The state’s evidence overwhelmingly proved that he was very familiar with the area and had even temporarily lived at the site. Not only did defendant flee through the bedroom window when the authorities came to his apartment, but he also telephoned a friend twice from the courthouse, after his arrest, to ask her not to tell anyone that he knew where this place was.
The totality of the evidence, direct and circumstantial, coupled with defendant’s guilty knowledge, convinces me that the state excluded every reasonable hypothesis of innocence, and that a reasonable jury could have found, as this one did, that defendant was guilty beyond a reasonable doubt. The admission of the hearsay from Hood was harmless in my opinion, and I would affirm the conviction.
I respectfully dissent.